**Alvin L. EDLER, et al., Appellants,**

v.

**UNITED STATES of America, et al.**

**No. 84–5500.**

United States Court of Appeals,
District of Columbia Circuit.

Argued April 29, 1985.

Decided May 17, 1985.

Hubert H. Margolies, Washington, D.C., with whom Morris Altman, Washington, D.C., was on the brief, for appellant.

Mitchell R. Berger, Asst. U.S. Atty., Washington, D.C., with whom Joseph E. diGenova, U.S. Atty., Royce C. Lamberth and R. Craig Lawrence, Asst. U.S. Attys., Washington, D.C., were on the brief, for appellee.

Before ROBINSON, Chief Judge, GINSBURG, Circuit Judge and WEIGEL,* Senior District Judge, United States District Court for the Northern District of California.

Opinion PER CURIAM.

PER CURIAM:

Plaintiff-appellant Alvin L. Edler, a night shift postal worker at the Main Post Office next to Union Station, was detained by the Capitol Police at the start of his lunch break, shortly after 2:00 a.m., on March 13, 1982. Edler's blue van had been pointed out to a police officer by a Maryland bail bondsman as a vehicle believed to be owned and driven by the subject of a Prince George's County felony arrest warrant. The bondsman's information proved false, and Edler was released as the victim of a mistaken identification. Edler sued the United States under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671–2680 (1982), seeking compensation for the detention. The district court, finding "no genuine issue as to any material fact,"

---

* Sitting by designation pursuant to 28 U.S.C.   § 294(d).

FED.R.CIV.P. 56(c), granted the defendant's motion for summary judgment. *Edler v. United States*, No. 83–2082 (D.D.C. July 30, 1984). We reverse. The district court incorrectly assumed that the duration of the episode, and therefore the reasonableness of the police behavior, had been established beyond controversy.

In granting summary judgment dismissing the case, the district court dominantly relied on "radio transmissions of communications between the police, and between the police and the dispatcher." *Edler*, mem. op. at 11. The transcript of the transmissions, according to the district court, "furnish[ed] uncontrovertible proof that the warrant checks [on the van and on Edler] lasted no more than nine or ten minutes from start to finish." *Id.* But the last clear police officer words, transmitted at 2:14 a.m., are these: "I am going to clear the scene with No Police Action taken." Police Transcription of Audio Tape, *reprinted in* Addendum to Brief for Appellee at 30. The transmissions do not establish incontrovertibly what time the scene was in fact cleared and Edler told he was free to go.

Several police officers, in affidavits, fixed the scene-clearing time at 2:16 a.m., and the radio transmissions afforded some, but not definitive support for their account. Edler and three of his co-workers who said they witnessed the episode, on the other hand, swore to a different account. Each stated by affidavit that Edler's detention continued a half hour or more, at least a quarter of an hour beyond 2:14 a.m.—the time the police claimed they had established that Edler was not the wanted man. If Edler and his co-workers are believed, the stop lasted three times as long as the district court concluded it did, and may not have been "reasonable under the Fourth Amendment." *Cf. Edler*, mem. op. at 11; *United States v. Sharpe*, — U.S. —, 105 S.Ct. 1568, 84 L.Ed.2d 605 (1985) (twenty-minute stop attributable largely to evasive action by detainee was reasonable when situation demanded graduated response and police acted diligently).

It is familiar law that a court may not resolve disputed questions of historic fact pre-trial by reference to one side's affidavits, *see Losch v. Borough of Parkesburg*, 736 F.2d 903, 909 (3d Cir.1984), and may not grant summary judgment based on the surmise that the non-moving party would be the likely loser at trial. *See Harl v. Acacia Mutual Life Insurance Co.*, 317 F.2d 577, 579–80 (D.C.Cir.1963).

The record indicates several other divergencies in the two sides' accounts, subsidiary to the principal question whether Edler was unreasonably detained beyond the time the police had cause to stop him. For example, defendant depicts Edler as discharging passengers, but Edler asserts the van was picking up co-workers to share the lunch break. (Conceivably, if passengers were being picked up to sit together for lunch as Edler maintains, immediate flight of a felon in or from the van might have concerned the police less.) Furthermore, there is a puzzling misreading of the record in the district court's Memorandum Opinion. The district court stated that it had "no reason to believe" the police did not convey to Edler at the start of the episode their intention to hold him only for "th[e] amount of time necessary to identify him and establish whether there were any warrants out of [sic] his arrest." *Edler*, mem. op. at 4. But not only did Edler and his co-workers aver that Edler was told nothing at the start; the police officers themselves indicated that they gave Edler no explanation of why he was detained until the mistake in identification was known and they were preparing to release him. *See* Affidavit of Charles S. Karadimos at 4, ¶ 14, *reprinted in* Addendum to Brief for Appellee at 9; Affidavit of Thomas L. Smith at 3, ¶ 9, *reprinted in* Addendum to Brief for Appellee at 17.

Even without questioning the district court's ruling, as a matter of law, that at the outset the police made a permissible investigative stop, *see Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); *United States v. Hensley*, — U.S. —, 105 S.Ct. 675, 83 L.Ed.2d 604 (1985), we are

nonetheless unable to find in the record "[i]ncontrovertible proof" that the stop "lasted no more than 8 to 10 minutes [and] was reasonable under the Fourth Amendment." *See Edler,* mem. op. at 11. Edler, it should be remembered, is entitled at this stage to the benefit of all reasonable doubts in determining whether the claim he has described, supported by the affidavits of alleged eyewitnesses, presents any genuine issue of fact. *See, e.g., Wolston v. Reader's Digest Association,* 443 U.S. 157, 162 n. 5, 99 S.Ct. 2701, 2705 n. 5, 61 L.Ed.2d 450 (1979); *Poller v. Columbia Broadcasting System, Inc.,* 368 U.S. 464, 473, 82 S.Ct. 486, 491, 7 L.Ed.2d 458 (1962). We conclude that his case is not one properly subject to summary dismissal. The fact issue, whether the detention continued unreasonably beyond the time it took to check Edler and the van, presents credibility judgments that should not be made without hearing the witnesses in open court.

For the reasons stated, the judgment from which this appeal has been taken is reversed and the case is remanded to the district court for further proceedings consistent with this opinion.

*Reversed and remanded.*